UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
MIRIAM SCHWARTZ,                              : Civil Action No.:
                                              :
                        Plaintiff,            :
                                              :
         vs.                                  :
                                              : COMPLAINT FOR VIOLATIONS OF THE
EQUIFAX INFORMATION SERVICES,                 : FAIR CREDIT REPORTING ACT
LLC, and DEPARTMENT STORES                    :
NATIONAL BANK,                                : DEMAND FOR JURY TRIAL
                                              :
                        Defendants.           :
                                              :
---------------------------------------------------------------x

Plaintiff Mariam Schwartz ("Plaintiff") brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel, and upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff suffered harm as a result of false and inaccurate information published by defendant Equifax Information Services, LLC ("Equifax"), a consumer reporting agency ("CRA") as defined under 15 U.S.C. § 1681a(f) ("CRA Defendant").

2. Through the publication of consumer background reports, as 15 U.S.C defines that term. § 1681a(d), CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including the reporting of a Scheduled Payment Amount with respect to a card account issued by defendant Department Stores National Bank ("Furnisher Defendant").

3. Despite receiving dispute letters from Plaintiff disputing the reporting of the improper Scheduled Monthly Payment with Furnisher Defendant as inaccurate, CRA Defendant and Furnisher Defendant (collectively, "Defendants") willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information and failed to, at a minimum, mark the account as disputed.

4. Egregiously, CRA Defendant failed to delete the inaccurate information even though Plaintiff *disputed the materially misleading inaccuracies in writing* via CRA Defendant's established mechanisms and procedures to dispute consumer credit information.

5. Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the

performance of the reasonable investigation. At a minimum, CRA Defendant was required to mark the status of the tradeline/account as disputed on the consumer's background reports but failed to do so.

6. Furnisher Defendant received notice from CRA Defendant that Plaintiff disputed the inaccuracies alleged herein, on Plaintiff's consumer background reports. Furnisher Defendant failed to conduct a reasonable investigation concerning the disputed information within 30 to 45 days and failed to mark the account as disputed.

7. CRA Defendant willfully, intentionally, recklessly and negligently failed to do any of the above actions in violation of the FCRA, § 1681 *et seq.* of Title 15 of the United States Code, including § 1681e(b), which obligated CRA Defendant to instate and follow reasonable procedures and policies to ensure maximum possible accuracy in consumer background reports. CRA Defendant willfully, intentionally, recklessly and negligently violated § 1681i, which required it to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letters. After receiving notice of Plaintiff's dispute from CRA Defendant, Furnisher Defendant failed to conduct a reasonable investigation concerning the disputed information in violation of § 1681s-2(b).

8. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment, and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**Plaintiff**

11. Plaintiff Miriam Schwartz is a resident of Monroe, NY (Orange County) and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendants**

12. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

13. Defendant Department Stores National Bank is a subsidiary of Citibank, N.A., which in turn is a subsidiary of Citigroup, Inc. – one of the world's largest financial institutions with its principal place of business located at 399 Park Avenue New York, NY 10022 – and provides commercial and consumer banking products and services. Citibank, N.A. offers checking accounts,

savings accounts, certificates of deposit, and individual retirement accounts and rollovers, credit cards, including those issued by Department Stores National Bank. Defendant Department Stores National Bank qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b) and has a principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57104.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

14. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

> "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.
>
> (Emphasis added).

15. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

16. CRA Defendant compiles, maintains, and reports information concerning Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in CRA Defendant fulfilling its respective duties under the FCRA, so that the information reported and maintained by Defendants is done prudently, to support maximum levels of confidentiality, accuracy, and relevancy.

17. Furnishers, receive notice of a consumer's dispute from a CRA alerting furnishers of inaccurate information in the consumer's account. Furnishers are then required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, furnishers are obligated to remove any inaccurate information following the performance of the reasonable investigation. At a minimum, furnishers and CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports.

**DSNB**

18. Upon information and belief, on a date better known to CRA Defendant, consumer background reports were issued by CRA Defendant concerning Plaintiff, that included inaccurate information as to an improper Scheduled Monthly Payment on a DSNB card account.

19. On July 7, 2019, Plaintiff sent a letter to CRA Defendant disputing the accuracy of a scheduled payment amount reported on Plaintiff's charged-off DSNB account. The Scheduled Payment Amount field on Plaintiff's consumer background reports should not contain any information once the account was charged-off. Plaintiff no longer had an obligation to make monthly payments to Furnisher Defendant. This inaccuracy misleadingly provides the appearance that the account is opened, when in fact it was not. This inaccuracy also misleads prospective lenders into believing that the consumer has an obligation to pay a monthly amount to Furnisher

Defendant, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

20. Plaintiff disputed the inaccurate information. Upon information and belief, CRA Defendant notified Defendant DSNB about Plaintiff's dispute. Upon receipt of the dispute by CRA Defendant, Defendant DSNB failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports.

21. Egregiously, Defendant DSNB failed to mark the account as disputed in Plaintiff's consumer background reports issued by CRA Defendant.

**Plaintiff suffered harm from CRA Defendant's willful, intentional, reckless and/or negligent misconduct**

22. CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

23. The inaccurate information includes the nature of at least one of Plaintiff's tradelines/accounts as well as personal identifying information, including, but not limited to, Plaintiff's DSNB card account.

24. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer, and Plaintiff's overall creditworthiness. After noticing the inaccuracies reported by CRA Defendant, Plaintiff disputed the inaccuracies in writing via CRA Defendant's established mechanisms and procedures to dispute consumer credit information. Despite being placed on notice of the inaccuracies, CRA Defendant sent Plaintiff correspondence indicating its intent to continue reporting the inaccurate information and the inaccurate information continues to be published in Plaintiff's consumer background reports.

25. Upon information and belief, CRA Defendant contacted Furnisher Defendant and notified Furnisher Defendant of the disputes. As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendant should have then sent all the relevant evidence/facts to Furnisher Defendant and requested an explanation as to the reason a past due amount was reported on a charged-off account. CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (ii) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (iii) forwarded any relevant information concerning Plaintiff's disputes to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. CRA Defendant willfully, intentionally, recklessly and negligently failed to take any of these steps subsequent to Plaintiff's disputes, importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendant failed to maintain adequate policies and procedures**

26. CRA Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports it published.

27. Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, CRA Defendant was required to mark the status of the tradelines/accounts as disputed on the consumer's background reports but failed to do so.

28. CRA Defendant failed to take any of these steps in violation of the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to her

consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

**Against CRA Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

29. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

30. The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

31. Under 15 U.S.C. § 1681i, *inter alia*:

(a) Reinvestigations of Disputed Information

(1) Reinvestigation Required

> *In general*. …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer*, and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(2) Prompt Notice of Dispute to Furnisher of Information

> (A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

32.     In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.  Plaintiff disputed the inaccurate information, and still, CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

33.     In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury, and they are therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.  As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendant for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

34.     Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

35.     Under 15 U.S.C. § 1681s-2(b), *inter alia*:

After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) *conduct an investigation with respect to disputed information*;

(B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

  (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

(Emphasis added).

  36. Furnisher Defendant failed to conduct a timely and reasonable investigation of Plaintiff's disputes after receiving notice from CRA Defendant concerning Plaintiff's disputes. Furnisher Defendant has further willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information to CRA Defendant, and have failed to, at a minimum, mark the above accounts as disputed.

  37. Instead of removing the inaccurate information, Furnisher Defendant improperly claims that the inaccurate information is verified and verified the inaccurate information to CRA Defendant in response to Plaintiff's disputes.

  38. Furnisher Defendant's conduct was a direct and proximate cause of the damages Plaintiff suffered. As a result of Furnisher Defendant's misconduct complained about herein, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

  39. As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

  A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

  B. awarding attorneys' fees and costs, and other relief; and

  C. awarding such other relief as to this Court may seem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:  October 4, 2019  **COHEN & MIZRAHI LLP**
EDWARD Y. KROUB

/s/ Edward Y. Kroub
EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*